IN THE UNITED STATES DISTRICT COURT      RECEIVED

2006 JUN 28 A 9: 27

| | | |
|---|---|---|
| WOODBURCK NOE, | * | |
|     Affiant/Deponent, | * | |
| | * | |
| V. | * | CASE NO. |
| | * | |
| ALABAMA BOARD OF PARDONS, AND | * | 2:06 cv 580 -WKW-CSC |
| PAROLES, | * | |
|     Respondent. | * | |

## BRIEF, AND AFFIDAVIT

WOODBURCK NOE
A.I.S.: 148475
DORM 18-28
P.O. BOX 5107
UNION SPRING, AL. 36089-5107

## TABLE OF CONTENTS

TABLE OF CASES, AND AUTHORITIES ................................. ii

STATEMENT OF THE CASE ........................................... 1

STATEMENT OF LEGAL POSITION ..................................... 5

STATEMENT OF QUESTION PRESENTED ................................. 4

CONCLUSION, AND RELIEF SOUGHT ................................... 7

STATEMENT OF THE FACTS .......................................... 3

TATLE OF CASES, AND AUTHORITIES

Felce v. Fielder, 974 F2d 1484 (7th Cir. 1992) .................. 6

Morrisey v. Brewer, 33 LEd2d 484, 408 US 471, 92 Sct 2593
(1972) .................................................... 5, 6

United States Constitution Amendment One ........................ 1

United States Constitution Amendment Five ....................... 5

United States Constitution Amendment Fourteen ................... 5

## STATEMENT OF THE CASE

Comes now, Affiant/Deponent, Woodburck Noe, and moves this Honorable Court to grant relief as to the above-styled cause based on the parole decision denying reinstatement August 16, 2004 pursuant to Amendment One of the United States Constitution regarding numerous messages sent for failure of the Montgomery County Circuit Court to respond of such according to the decisions of the Alabama Court of Criminal Appeals to refuse to file the appeal May 24, 2006 which I sent; and the Alabama Supreme Court which struck a request for writ of certiorari to to the Alabama Court of Criminal Appeals based on the submitted Under Penalty Of Perjury which I attempt to present in the best manner possible as to form, and content due to unavailable, or limited resources with means to perform legal work:

On June 3, 2004 I received notice of a report of parole violation from May 28, 2004 given me by my Parole Officer Amy McDill with the Jefferson County Probation Office in Birmingham, Al. for violation of Condition No. 7 of the Alabama Board of Pardons, and Paroles which states: "I shall not violate any law." I received notice of a parole court hearing for 1:30pm June 8, 2004.

At the hearing Parole Court Hearing Officer James T. Langer conducted the session which I pled "not guilty" to, and he ruled I was guilty concerning a 2nd degree burglary charge I was arrested for May 24, 2004.

On August 16, 2004 the Alabama Board of Pardons, and Paroles revoked my parole as a result of the hearing.

1

On, or about 2004 I tried to appeal the decision through the Montgomery County Circuit Court, but have not obtained a response on repeated attempts being that court failed to reply, or file the documents I sent.

On May 24, 2006 the Alabama Court of Criminal Appeals refused to process an appeal of such by first stamping a document as Noe v. State filed May 23, 2006; then Rec'd (received) May 24, 2006 which I sent, but they didn't want to review the case.

On June 12, 2006 on a request for a writ of certiorari I sent titled Woodburck Noe v. Alabama Board of Pardons, and Paroles to the Alabama Supreme Court it was labeled with No. 1051270/Ex Parte Woodburck Noe, PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Woodburck Noe v. Alabama Board of Pardons, and Paroles). That court ordered the request for writ of certiorari to be stricken for failure to comply with Rule 39 of the Alabama Rules of Appellate Procedure, but no judge's signature was on the order.

At present this request to appeal the circumstances is before this Court.

2

## STATEMENT OF FACTS

On August 16, 2004 I was revoked from parole by the Alabama Board of Pardons, and Paroles for violation of its Condition No. 7 which states, "I shall not violate any law."

3

## STATEMENT OF QUESTION PRESENTED

WAS I DENIED DUE PROCESS FOR A VIOLATION I DID NOT COMMIT?

4

STATEMENT OF LEGAL POSITION

I WAS DENIED DUE PROCESS BY BEING REVOKED FROM PAROLE WITHOUT BEING GRANTED REINSTATEMENT FOR VIOLATION OF A RULE WHICH REQUIRES I NOT VIOLATE ANY LAW WHEN I WAS NOT CONVICTED AT THE PERIOD OF THE REVOCATION AS TO THE CHARGE.

I was denied reinstatement of parole August 16, 2004 by the Alabama Board of Pardons, and Paroles for violation of law under Condition No. 7 when I was charged with 2nd degree burglary, but was not convicted then. I did not commit the crime.

I tried to appeal the decision to the Montgomery County Circuit Court, but had not obtained a response based on numerous with repeated failures of the court, particularly a clerk, Melissa Rittenour who refused to reply, or file the documents I sent since 2004 - 2005.

I urge this Court to render a decision to provide me due process under guidelines of the Fifth Amendment with the Fourteenth Amendment by allowing me to be paroled by a reinstatement, and release.

Regarding such due process would be ensured according to rules under Morrisey v. Brewer, 33 LEd2d 484, 408 US 471, 92 SCt 2593 (1972) as:

"Rather than being an ad hoc exercise of clemency, parole is an establishment variation on imprisonment of convicted criminals, the purpose of which is to help individuals reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed, and to alleviate the costs to society of keeping an individual in prison."

Furthermore, it's affirmed under Morrisey the principle that requires of due process:

"Whether any procedural protections are due depends on the

5

extent to which an individual will be condemned to suffer grievous loss."

Being a liberty interest is involved there's a rule settled by <u>Felce v. Fielder</u>, 974 F2d 1484 (7th Cir. 1992) which presents:

"Liberty interest created in the grant of parole is, by its nature, conditional liberty, and may be circumscribed to accomplish the purpose of parole."

Concerning a parole revocation <u>Morrisey</u> demands that "A parolee is entitled to a conditional liberty and possessed of a right which can be forfeited only by reason of a breach of the conditions of the grant."

I would sincerely appreciate an opportunity, through this Honorable Court to grant, and enable me to return to society where I would be a true law-abiding citizen while pursuing outdoor, and nature activities, socializing, computer, technology with education collegiately.

Were I released I would reside with my brohter at:

Rocelyn Noe
1182 E. 85th St.
Brooklyn, N.Y. 11236
(718) 251-6778.

I would also be meaningfully employed with my brother's computer consulting business at:

Anweb, Inc.
1182 E. 85th St.
Brooklyn, N.Y. 11236.

I value freedom highly, and would not commit an act to risk its loss.

I appreciate the opportunity to have been on parole earlier.

I am sorry for any misunderstanding that may have arisen out

6

of my situation which came from prosecution for an offense I did not commit.

The Alabama Appeals Court stated that I should go thorough normal procedures to appeal this matter. However, I attempted several remedies with exhaustion to gain due relief, but to no avail. I know of no other means which can obtain relief for me.

CONCLUSION, AND RELIEF SOUGHT

THEREFORE, for the reasons presented it is earnestly requested that this matter be rectified by a decision entered to have the affiant released where he would involve himself with the aforementioned pursuits of interests besides learning more of consulting, and information technology; because when I was on parole earlier I obtained a Certificate of PC Technician December of 2000; additionally, if I was reinstated, and remained on parole I would have been engaged in meaningful activities such as clearing my record to exonerate me of the false charge.

DATE: 6-21-06                          Respectfully submitted,

                                       _____
                                       Woodburck Noe
                                       A.I.S.: 148475
                                       Dorm 18-28
                                       P.O. Box 5107
                                       Union Springs, AL. 36089-5107

7