IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WOODBURCK NOE, #148475, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-580-WKW |
| | ) | |
| ALABAMA BOARD OF PARDONS and | ) | |
| PAROLES, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Woodburck Noe ["Noe"], a state inmate, on June 25, 2006.[1]  In this petition, Noe

challenges the revocation of his parole.  Specifically, Noe asserts that the Alabama Board of

Pardons and Paroles denied him due process during the revocation proceeding by basing its

decision to revoke parole on his commission of a crime for which he had not been convicted

at the time of revocation.  The Clerk is DIRECTED to mail a copy of the petition and this

order to the General Counsel for the Alabama Board of Pardons and Paroles, the Attorney

---

[1]

1.  Although the Clerk stamped the present petition "filed" in this court on June 28, 2006, Noe executed the
petition on June 25, 2006.  The law is well settled that a pro se inmate's petition is deemed filed the date it
is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United
States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).
"Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that
[the instant petition] was delivered to prison authorities the day [Noe] signed it . . ." *Washington v. United
States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the evidence before this court, the court concludes
that June 25, 2006 should be considered as the date of filing.

General of the State of Alabama and warden Arnold Holt.  An answer shall be filed within twenty days of the date of this order.  In filing their answer, the respondents should comply with the provisions of Rule 5 of the rules governing § 2254 cases in the district courts.

Section 2254(d)(1) of the AEDPA significantly "modifies the role of federal habeas courts in reviewing petitions filed by state prisoners." *Williams v. Taylor,* 529 U.S. 362, 403, 120 S.Ct. 1495, 1518 (2000).  In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court.  Specifically, the statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519.  "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law."  *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001).  In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an
> unreasonable application of the law set out in [applicable]

2

> Supreme Court decisions, we need not decide whether we would
> have reached the same result as the state court if we had been
> deciding the issue in the first instance.  Instead, we decide only
> whether the state court's decision of the issue is objectively
> unreasonably.  *See Williams v. Taylor*, 529 U.S. 362, 411, 120
> S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under
> §2254(d)(1)'s 'unreasonable application' clause, then, a federal
> habeas court may not issue the writ simply because that court
> concludes in its independent judgment that the relevant state-
> court decision applied clearly established federal law
> erroneously or incorrectly.  Rather, that application must also be
> unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th
> Cir. 2001)("It is the objective reasonableness, not the
> correctness *per se*, of the state court decision that we are to
> decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

Additionally, the statute makes it clear that a federal court cannot grant relief with respect

to claims adjudicated on the merits by the state courts "unless the adjudication of the claim

. . . resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

**Thus, if the respondents contend that this court is precluded from granting**

**habeas relief because claims raised by the petitioner have been properly adjudicated**

**by the state courts in accordance with clearly established Supreme Court precedent, the**

**respondents must identify to this court the Supreme Court authority on which the state**

**court relied in adjudicating petitioner's claims and the decision of the state court on**

**each claim.  Moreover, if the petitioner has not raised his federal claims in the state**

**courts and has an available state court remedy wherein he may present such claims, the respondents shall identify the remedy available to petitioner**. The court deems such action necessary as the law requires that an application for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). **In addition, if this court is barred from reviewing a petitioner's claims due to his failure to properly present any of the federal claims to the state courts, the respondents shall identify the defaulted claim(s) and provide a basis for the procedural default.**

**The parties are advised that no motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the petition may be filed by any party without permission of the court**. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court. **The petitioner is cautioned that all amendments to the petition should be accompanied by a motion to amend and must be filed within ninety (90) days from the date of this order**.

The Federal Rules of Civil Procedure require that the petitioner mail to the lawyer for the respondents a true copy of anything which is sent to the court.  Consequently, the petitioner is advised that he must mail to the Attorney General for the State of Alabama a true copy of anything which he sends to the court.  Anything sent to the court should specifically state that it has been sent to the Attorney General for the State of Alabama.  Failure to comply with the directives of this order may result in delaying resolution of this case. Moreover, the petitioner is specifically **CAUTIONED** that his failure to file pleadings in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such pleadings not being accepted for filing.  The CLERK is DIRECTED to not accept for filing any pleadings submitted by the petitioner which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

Done this 20th day of July, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

5