IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WOODBURCK NOE,
    Petitioner,

       Vs.                              Case #2:06-CV-580-WKW

ALABAMA BOARD OF
PARDONS & PAROLES,
    Respondent.

## ANSWER

Comes now the Alabama Board of Pardons & Paroles, and shows unto the Court as follows:

1)     The Alabama Board of Pardons & Paroles does not have custody of the Petitioner. The Petition fails to properly invoke the jurisdiction of this Court, in that the custodian has not been named as a Respondent.

2)     The Petition does not show that Petitioner has exhausted available State remedies. Alabama law allows a revoked parolee to challenge the revocation decision through a petition for common law certiorari in the Circuit Court for Montgomery County, Alabama. A judgment in such a proceeding is reviewable in the Alabama Court of Criminal Appeals. If such a petition has been filed, Petitioner has failed to prosecute the action. This agency has never been served with such a petition from this prisoner. The State courts routinely apply *Morrissey vs. Brewer,* 408 U.S. 473 (1972), to determine whether due process was afforded in parole revocation.

3)     According to the Petition filed herein, a petition was filed in the Montgomery Circuit Court, but not acted upon. If this is true, mandamus will lie to compel

the circuit court to act. However, an appeal will not lie if no judgment has been entered. The Petition further avers that his petition in the Alabama Supreme Court, seeking certiorari review of the dismissal of his apparently untimely appeal to the Court of Criminal Appeals, was stricken for failure to comply with the Alabama Rules of Appellate Procedure. The Alabama Supreme Court routinely applies those rules rather stringently to petitions for certiorari.

4) The Petition filed herein gives no notice of the alleged constitutional defect in the revocation process.

5) Respondent denies the material allegations of the Petition, and demands strict proof thereof.

6) If the pertinent averments of the Petition are true, the statute of limitations is not a bar to this proceeding or to a subsequent proceeding after exhaustion of available State remedies.

7) Respondent avers that Petitioner was afforded due process of law when his parole was revoked.

8) On or about 19 April 2006, Petitioner was convicted of burglary second degree and sentenced to thirty years imprisonment in Case #CC-04-4332, Jefferson Circuit Court. Even if the revocation is invalid, he is not entitled to release.

9) The Board has reviewed the record of these proceedings and vacated its revocation order, remanding the case for a new parole court hearing.

WHEREFORE, premises considered, Respondent moves this Court to dismiss this petition, without prejudice.

      Respectfully submitted,

      TROY KING
      ATTORNEY GENERAL

      GREGORY O. GRIFFIN, SR.
      CHIEF COUNSEL


      s/HUGH DAVIS
      DEPUTY ATTORNEY GENERAL
      State Bar#:  ASB-4358-D63F
      Ala. Bd. Pardons and Paroles
      301 South Ripley Street
      P.O. Box 302405
      Montgomery, Alabama 36130
      Telephone: (334) 242-8700
      Hugh.davis@paroles.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2006, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system with will send notification of such to the following: None, and I hereby certify that I have mailed by United States Postal Service the document to the following:

WOODBURCK NOE
AIS# 148475
BULLOCK COUNTY CORRECTIONAL FACILITY
P.O. BOX 5107
UNION SPRINGS, AL  36089


Done this 9th day of August, 2006.

    Respectfully submitted,

    s/HUGH DAVIS
    DEPUTY ATTORNEY GENERAL
    State Bar # ASB-4358-D63F
    Alabama Board of Pardons and Paroles
    Post Office Box 302405
    301 S. Union Street
    Montgomery, Alabama 36130
    (334) 242-8700
    (334) 353-4423
    Hugh.Davis@paroles.alabama.gov