IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WOODBURCK NOE, #148475, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-580-WKW |
| ) | [WO] |
| ) | |
| ALABAMA BOARD OF PARDONS and ) | |
| PAROLES, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Woodburck Noe ["Noe"], a state inmate, on June 25, 2006. In this petition, Noe challenges the revocation of his parole. Specifically, Noe asserts that the Alabama Board of Pardons and Paroles denied him due process during the revocation proceeding by basing its decision to revoke parole on his commission of a crime for which he had not been convicted at the time of revocation. Noe seeks "relief to which he may be entitled in this situation and proceeding."[1]

On August 9, 2006, the respondents filed an answer addressing Noe's claim for relief. Upon review of the answer and exhibit filed in support thereof, it is clear that Noe has

---

[1] 1. The court notes that the only relief available to Noe under the circumstances of this case would be entry of an order requiring that the parole board vacate its order of revocation and directing that Noe receive a new revocation hearing.

received all relief to which he is entitled as the parole board vacated its order of revocation, returned Noe to the status of delinquent parolee and scheduled new revocation proceedings. *Respondents' Exhibit A -Minute and Board Entry of August 9, 2006*.

## DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief permitted is injunctive in nature, it is possible for events subsequent to the filing of the petition to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy). "'Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised *sua sponte* . . .' *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980) (internal footnote and citation omitted)." *Medberry v. Crosby*, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003), *cert. denied* 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004).

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where . . . interim relief or events have eradicated the effects of the alleged violation." *Saladin v. Milledgeville*, 812

F.2d 687, 693 (11th Cir. 1987); *Murphy v. Hunt*, 455 U.S. 478, 481-482, 102 S.Ct. 1181, 1183 (1982); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980); *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts therefore lack authority to rule upon questions which are hypothetical in nature or which do not impact the rights of the parties in the case before the court at the time the ruling is issued. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore, the "case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In the instant petition, Noe challenges the constitutionality of the August 16, 2004 revocation of parole. On August 9, 2006, the Alabama Board of Pardons and Paroles vacated its August 16, 2004 order of revocation and the parole report on which the order of revocation was based. The parole board also ordered that Noe receive a new parole revocation review and hearing. The claim presented by Noe is no longer live because a favorable decision would not warrant relief beyond that provided by the intervening order of the Alabama Board of Pardons and Paroles. Since Noe has received all the relief to which he would be entitled from this court, there is no longer a case or controversy to litigate and this case is subject to dismissal as moot. *United States ex rel. Graham v. United States*

*Parole Commission*, 732 F2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2254 petition for habeas relief be dismissed as moot because a favorable decision on the merits would not entitle the petitioner to any additional relief. It is further

ORDERED that on or before August 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 14th day of August, 2006.

          /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE